WILLIAM ATKINS, Respondent, v. DAVID NICHOLSON, Appellant.

1. It is error for a court to instruct a jury upon a state of facts which there is no evidence in the cause to sustain.

*Appeal from St. Louis Law Commissioner's Court.*

For statement see opinion.

*George P. Strong*, for appellants.

DRYDEN, Judge, delivered the opinion of the court.

This was an action commenced by Atkins against Nicholson, before a justice of the peace, on an account for three dollars and ninety cents, for six and a half bushels of worthless Irish potatoes, sold to plaintiff as "good potatoes." On

a trial before the justice, a verdict and judgment was recovered by plaintiff, and the defendant appealed to the law commissioner's court; where a trial anew was had, which resulted as before in a verdict and judgment for plaintiff, from which defendant has appealed to this court. The evidence on the trial, preserved in the bill of exceptions, shows the sale of a lot of potatoes by defendant's clerk to plaintiff, in store in defendant's warehouse; that some of the potatoes in the lot were sound and some unsound; that plaintiff had full and fair opportunity before purchasing to examine, and did in fact examine the lot carefully, separating the good from the bad, and, after purchasing, taking away such as he had selected as good, and leaving those he had rejected as bad. There was no evidence showing, or tending to show, that the sale was a sale by sample, or that there was any warranty as to the quality or soundness of the potatoes, or any representation on the subject, by the defendant or his agent; on the contrary, the reverse is expressly proved. The court, at the instance of the plaintiff, gave the two following instructions, viz:

1. If the jury believe from the evidence there was a warranty, either express or implied, of the soundness of the potatoes, and it turned out that they were not sound, but sold by defendant to plaintiff as sound, the plaintiff ought to recover.

2. If the jury believe from the evidence that the potatoes were bought or sold from a sample and that sample was good, and the lot or part of it unsound, then the plaintiff ought to recover for the unsoundness.

The court then, at defendant's instance, gave the following, viz:

1. If the jury believe from the evidence that the plaintiff saw and examined, or had the opportunity of examining the potatoes bought by him of the defendant, and that neither the defendant nor any authorized agent of his warranted said potatoes to be prime and sound potatoes, then they will find for the defendant.

2. Unless the potatoes bought by plaintiff of defendant were warranted or represented to be free from blemish, and were sold as prime potatoes, or were different from what they were represented to be, the jury will find a verdict for the defendant.

The defendant in due time moved for a new trial, because the verdict was contrary to the law and the evidence, because the jury disregarded the evidence and instructions, and because the verdict is not supported by the evidence; which being overruled, the defendant excepted. There was nothing in the evidence tending to show that the sale was made by sample, or that there was any warranty of the thing sold, and the instructions given for the plaintiff, based upon the hypothesis that there was such evidence, were therefore wrong. It is improper for a court to instruct a jury upon a state of facts which there is no evidence in the cause to sustain. The only tendency of such instructions is to mislead the jury; and we can account for the verdict in this case upon no other supposition than that the jury was misled by the instructions. The verdict of the jury being against the law and the testimony, the law commissioner ought to have granted the defendant a new trial, and for his refusal to do so the judgment is reversed and the cause remanded; Judge Bates and Judge Bay concurring.